ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EF PRODUCTS, INC.<br><br>Plaintiff,<br><br>v.<br><br>INTERDYNAMICS, INC.<br><br>Defendant. | Case No.: 3-03CV1379-M |

**MEMORANDUM OF DEFENDANT INTERDYNAMICS, INC.
IN SUPPORT OF ITS MOTION TO DISMISS EF PRODUCTS INC.'S UNFAIR
COMPETITION AND FRAUD CLAIMS**

Diane K. Letelleir, Esq.
WINSTEAD SECHRIST & MINICK, P.C.
5400 Rennaissance Tower
1201 Elm Street
Suite 5400
Dallas, Texas 75270
(214) 745-5400

*Of Counsel:*

Clifford E. Wilkins, Jr.
Michael E. Stimson
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, NY 10022
(212) 446-4800

*Attorneys for Defendant
Interdynamics, Inc.*

## TABLE OF CONTENTS

          Page

I. INTRODUCTION ..................................................................................................................1

II. FACTUAL BACKGROUND................................................................................................1

III. ARGUMENT.........................................................................................................................3

    A. COUNT I OF THE FIRST AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR UNFAIR COMPETITION................................................3

    B. COUNT III OF THE FIRST AMENDED COMPLAINT SHOULD BE DISMISSED UNDER FED. R. CIV. P. 9(B) AND 12(B)(6) ...................................5

        1. EF Fails To State A Claim For Fraud ........................................................5

        2. EF Fails To Plead Its Fraud Claim With The Requisite Particularity..........7

IV. CONCLUSION......................................................................................................................8

May 23, 2003, just thirteen days after filing its Third Amended Answer in the New York litigation, EF filed this suit in the District Court of Dallas County, Texas, 116th Judicial District. Interdynamics subsequently removed the action from state court to this Court on diversity grounds.

In EF's original complaint, EF alleged that Interdynamics (i) engaged in unfair competition by disparaging EF and its products, (ii) defamed, libeled, and slandered EF, and (iii) tortiously interfered with EF's contractual relations and prospective relations. (*See* Ex. A, Or. Pet. and Req. for Dis. ("Complaint") at ¶¶ 18-32) These causes of action relied on two primary factual bases. The first basis was certain competitive evaluations of EF's products that were prepared by Interdynamics. (*See id.* at ¶¶ 9-11, Exs. C-F) The second basis was a letter sent by Interdynamics' attorneys, Levisohn, Lerner, Berger & Langsam, LLP, notifying retailers of the pending patent litigation in New York. (*See id.* at ¶ 13, Ex. G)

On July 25, 2003, before Interdynamics filed an answer to the original complaint, EF filed its First Amended Complaint as of right. (*See* Ex. B, First Am. Com.) EF's amended complaint is based on the same basic factual allegations as the original complaint, but EF now alleges that Interdynamics' conduct was "willful" and "intentional." However, even though the original and amended complaint are based on the same basic factual allegations, EF has changed it causes of actions. It dropped its defamation claims, as well as its allegations of disparagement upon which its unfair competition claim was based. Instead, EF added a claim for "intentional fraud" based upon the same conduct its defamation claims were based upon. Additionally, EF still alleges unfair competition and tortious interference, but these allegations are no longer include explicit allegations of disparagement. (*See id.* at ¶¶ 17-28)

III. ARGUMENT

### A. COUNT I OF THE FIRST AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR UNFAIR COMPETITION

Count I of the First Amended Complaint purports to set forth a cause of action for unfair competition under Texas law. This count should be dismissed for failure to state a claim because as a matter of law, the facts alleged in the complaint do not constitute unfair competition under Texas law. A motion to dismiss for failure to state a claim should be granted when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 128 F.Supp.2d 988, 990 (N.D. Tex. 2001), *aff'd* 300 F.3d 620 (5th Cir. 2002) (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Unfair competition in Texas "is the umbrella for all statutory and nonstatutory causes of action arising out of business conduct which is contrary to honest practice in industrial or commercial matters." *See American Heritage Life Ins. Co. v. Heritage Life Ins. Co.*, 494 F.2d 3, 14 (5th Cir. 1974) (applying Texas unfair competition law in the context of passing off). However, unfair competition is not a boundless doctrine. S*ee, e.g., Taylor Pub. Co. v. Jostens, Inc.*, 216 F.3d 465 (2000) (rejecting a claim of unfair competition under Texas law based on "sham pricing"). Instead, Texas courts have generally recognized three specific types of unfair competition that fall under this umbrella: (i) passing off, (ii) trade-secret misappropriation, and (iii) common-law misappropriation. *See, e.g.,* James E. Hudson, III, *A Survey of the Texas Unfair-Competition Tort of Common-Law Misappropriation.*, 50 Baylor L. Rev. 921, 924 (1998).

EF does not base its unfair competition claim on any of these three generally recognized categories of unfair competition. Instead, EF is trying to recover for business

disparagement under the guise of unfair competition. Specifically, in its original complaint, EF asserted that Interdynamics committed unfair competition by disparaging EF and its goods and services. In its amended complaint, EF maintains that Interdynamics committed unfair competition, but EF no longer makes express allegations of disparagement. The operative paragraph of the complaints, with annotations indicating additions and deletions, is reproduced below:[1]

> <u>18.</u> [19.] Defendant has **[intentionally, willfully, and unlawfully disparaged EF Products and its goods and services, and/or the attributes of EF Products goods and services by utilizing intentional and willfully unfair]** <u>utilized</u> intentional<u>ly</u> **[and willfully]** false, <u>willfully deceptive, intentionally unfair,</u> **[intentional and ]** willfully misleading and/or intentionally **[and willfully]** deceptive acts/practices, <u>as set forth in the foregoing paragraphs</u>, all to EF Products' detriment.

(*Cf.* Ex. A at ¶ 19 *and* Ex. B at ¶ 18) EF has deleted the express allegations of disparagement, but bases it claim for unfair competition on the exact same acts.[2] Accordingly, even though EF removed the word disparage, its unfair competition claim is still nothing more than a claim for disparagement.

Texas courts, however, have not expanded the scope of the umbrella of protection covered by unfair competition to include a claim for unfair competition based on disparagement. This is for the simple reason that business disparagement is recognized under Texas law as a tort with specific elements.[3] If a plaintiff were allowed to proceed under a general theory of unfair competition based on disparagement, those elements could be evaded. *Cf. National Nutritional*

---

[1] Additions are indicated by underlining and deletions by text in bold and brackets.

[2] Other than liberally sprinkling its amended complaint with the words "intentionally" and "willfully," the underlying acts "set forth in the foregoing paragraphs" are the same acts as in the original complaint.

[3] Although EF also purported to state a claim for product disparagement in its original complaint, Texas does not appear to recognize the tort of product disparagement. *See, e.g., Cranberg v. Consumers Union of U.S., Inc.* 756 F.2d 382 (5th Cir. 1985) (applying Texas law).

*Foods Ass'n v. Whelan*, 492 F.Supp. 374, 384 (S.D.N.Y. 1980) ("[i]t would make no sense . . . to deem certain expressions immune from suit as libel, and then find them sufficient in the identical factual context to constitute a prima facie tort."). By way of example, in a business disparagement claim, a plaintiff must allege and prove "special damages." *See Hurlbut v. Gulf Atlantic Life Ins. Co. v.* , 749 S.W.2d 762, 767 (Tex. 1987) ("Proof of special damages is an essential part of the plaintiff's cause of action for business disparagement."). Allowing a plaintiff to recast a disparagement claim as a claim for unfair competition would allow the party to evade the requirement of special damages.

Simply put, EF cannot proceed with a disparagement claim disguised as a claim for unfair competition. EF has not alleged conduct that is recognized under Texas law as unfair competition. Therefore, Count I of the First Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**B.  COUNT III OF THE FIRST AMENDED COMPLAINT SHOULD BE DISMISSED UNDER FED. R. CIV. P. 9(B) AND 12(B)(6)**

Count III of EF's First Amended Complaint purports to state a cause of action for "Intentional Fraud." Count III should be dismissed for two separate reasons. First, Count III should be dismissed under Rule 12(b)(6) for failure to state a claim. Second, Count III should be dismissed because it fails to meet the pleading requirements of Rule 9(b) for allegations of fraud.

**1.  EF Fails To State A Claim For Fraud**

Count III of the First Amended Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) because it does not state a legally cognizable cause of action for fraud. Dismissal of a cause of action is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *See Blackburn v. City of Marshall et al.*, 42 F.3d 925, 931 (5th Cir. 1995). Further, when making the determination of whether a complaint states a cause of action,

the allegations of the complaint must be taken as true. *Apani*, 128 F.Supp.2d at 990. In this case, even taking the allegations of EF as true, EF's complaint fails to state a claim for fraud because it does not allege all of the elements necessary to support such a claim.

The law regarding fraud in New York and Texas is similar and for the purposes of this motion there are no substantive differences in the law.[4] Both states require as fundamental elements of a fraud claim that a plaintiff prove, *inter alia*: (1) that the defendant made a fraudulent statement with the intent that the *plaintiff* rely upon it and (2) that the *plaintiff* reasonably relied upon the fraudulent statement. *See, e.g., Wynn v. AC Rochester*, 273 F.3d 153 (2d Cir. 2001) (applying New York law); *Ernst & Young, LLP v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573 (Tex. 2001). Moreover, a claim for fraud is personal and cannot be based on the reliance of a third party on a fraudulent statement. *See, e.g., Shaw v. Rolex Watch, U.S.A., Inc.*, 673 F.Supp. 674, 682 (S.D.N.Y. 1987) ("New York courts have consistently held that a claim of fraud will not lie when premised on the reliance of a third party."); *Kennedy Ship & Repair, L.P. v. Loc Tran*, 256 F.Supp.2d 678, 686 (S.D. Tex. 2003) (dismissing fraud claim because no allegations fraudulent statements were made to plaintiff rather than a third party).

EF alleges that Interdynamics made fraudulent statements "regarding EF Products and its goods and services to *its customers*" and "EF Products' *customers and prospective customers* relied upon [the] intentional, material and false representations." (Ex. B at ¶¶ 27-28) But, even accepting these allegations as true, they do not give rise to a claim for fraud because EF cannot base its claim on allegedly fraudulent statements made to third party customers or any

---

[4] EF does not specifically plead where the asserted fraud took place, nor does it articulate which state law applies. However, since the parties are based in New York and Texas and the documents alleged to support the fraud claim were created in New York, these two state's laws are analyzed.

alleged reliance on the statements by such customers. *See, e.g., Shaw*, 673 F. Supp.2d at 682; *Kennedy*, 256 F. Supp. 2d at 686.

EF makes no allegations that Interdynamics made any fraudulent statements to EF with the intent that EF rely on such statements, nor does it allege that EF itself relied on any fraudulent statements by Interdynamics. Thus, Count III fails to state a claim for fraud and should be dismissed.

### 2. EF Fails To Plead Its Fraud Claim With The Requisite Particularity

EF's claim for fraud should be dismissed for the additional reason that it fails to meet the particularity requirements for pleading fraud under Rule 9(b) of the Fed. R. Civ. P. Rule 9(b) is designed to "safeguard defendants against spurious charges of immoral and fraudulent behavior," *Craftmatic Securities Litigation v. Kraftsow*, 890 F.2d 628, 645 (3d Cir. 1989), and requires a plaintiff to state an accusation of fraud with "particularity." In the Fifth Circuit, this means that a plaintiff must specify the "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation, and what the person obtained thereby." *Seibu Corp. v. KPMG LLP*, No. 3-00-CV-1639-X, 2001 WL 1167317 at *2 (N.D. Tex. Oct. 2, 2001) (*quoting Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)). Furthermore, while intent and knowledge can be averred generally, a plaintiff is not allowed to make unsupported allegations regarding intent and knowledge. Rather, "the complaint must set forth specific facts that make it reasonable to believe that the defendant[s] knew that a statement was materially false and misleading." *Id. (quoting Gross v. Summa Four, Inc.*, 93 F.3d 987, 991 (1st Cir. 1996). EF's First Amended Complaint fails to meet these requirements.

In support of its allegations, EF alleges generally that certain product marketing documents prepared by Interdynamics were transmitted to its customers and prospective

customers. (Ex. B at ¶¶ 8-13) These general allegations, however, do not meet the requirements of Rule 9(b). EF does not specify the *time* these statements were allegedly made, the *place* that these statements were allegedly made, and the *identity of the persons* who allegedly made the statements. Likewise, EF does not identify with particularity who these statements were made to, instead asserting general allegations that these statements were made to "its customers and prospective customers." Further, although EF litters its complaints with allegations that Interdynamics knew the statements were false and misleading, EF does not set forth any specific facts to demonstrate that it is reasonable to believe that Interdynamics knew the statements were false and misleading. In short, EF's complaint makes only general allegations without identifying any particularities. Such generalized allegations do not meet the pleading requirements of Rule 9(b). *See Sieba*, 2001 WL 1167317, *2. Accordingly, Count III should be dismissed for this additional reason.

## IV.     CONCLUSION

For all of the foregoing reasons, Interdynamics respectfully request that this Court dismiss Counts I and III of EF's First Amended Complaint with prejudice.

Date:  August 11, 2003                Respectfully submitted,

**WINSTEAD SECHREST & MINICK, P.C.**
5400 Renaissance Tower
Suite 5400
1201 Elm Street
Dallas, Texas 75270
(214) 745-5400

By: _____
Diane K. Lettelleir
State Bar No. 12241525

*Of counsel:*

Clifford E. Wilkins, Jr.
Michael E. Stimson
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, NY 10022
(212) 446-4800

*Attorneys for Defendant
Interdynamics, Inc.*

-9-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing MEMORANDUM OF DEFENDANT INTERDYNAMICS, INC. IN SUPPORT OF ITS MOTION TO DISMISS EF PRODUCTS INC.'S UNFAIR COMPETITION AND FRAUD CLAIMS was served by First Class Mail on the following:

Eric B. Meyertons
Dwayne K. Goetzel
Meyertons, Hood, Kivlin, Kowers & Goetzel, P.C.
700 Lavaca Street, Suite 800
Austin, Texas 78701
Tel:  (512) 853-8800
Fax:  (512) 853-8801

Jennifer L. Owen
Higier Lautin Foxman McKinney & Owen, P.C.
15851 Dallas Parkway, Suite 1001
Addison, Texas 75001
Tel:  (972) 716-1888
Fax:  (972) 716-1899

this 11th day of August, 2003

_____
Diane K. Lettelleir